UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **CHARLES ALVIN CUMMINGS, JR.** | **CIVIL ACTION NO. 12-2692-P** |
| **VERSUS** | **JUDGE HICKS** |
| **FRANCIS WESS, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

Charles Alvin Cummings, Jr. ("Plaintiff") is currently incarcerated at the David Wade Correctional Center in Homer, Louisiana. He filed a civil rights complaint against Francis Wess, Nurse Joel Williams, Nurse John Martin, and Dr. Moore. Plaintiff claims Defendants failed to protect him from an inmate attack, retaliated against him, and denied him medical and dental treatment.

Plaintiff filed a motion for preliminary injunction (Doc. 11). Plaintiff asks that this court transfer him to another facility so he cannot be retaliated against. In support of his motion, Plaintiff claims that Mark Hunter, Col. Lonnie Nail, and Warden Jerry Goodwin authorized Master Sgt. Wess to allow inmate Warner to attack him in retaliation for filing a grievance in the administrative remedy procedure and a lawsuit. He further claims that he is housed in extended lock-down for retaliatory reasons. Plaintiff also filed a supplemental motion for preliminary injunction (Doc. 12). Plaintiff asks that this court immediately transfer him to another prison. In support of his motion, Plaintiff claims an inmate at the prison was found dead in his cell. He claims the prison staff alleges the inmate killed

himself. Plaintiff claims Mark Hunter told him that he was dead, just like the inmate. He claims this is a threat on his life.

In order for Plaintiff to obtain a preliminary injunction, he would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction, and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001). Plaintiff must prove all four elements and any failure to prove any one element will result in the denial of the motion. Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 472 (5th Cir.1985).

In the instant case, Plaintiff has failed to meet the requirements set forth above. The allegations in these motions do not present a substantial likelihood of success on the merits. The United States Supreme Court has held that it is for state prison authorities to decide where a state prisoner is to be incarcerated, and that a prisoner has no right to challenge his place of incarceration. See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Under Olim and Meachum, this Court has no authority to order the State to transfer Plaintiff to another prison.

The allegations in this motion do not present a substantial threat of irreparable injury absent an injunction. Plaintiff does not allege that he has been physically attacked since June 2012. The claims alleged (if proved) are capable of adequate redress by an award of

monetary damages and, if warranted, a post-judgment injunction. The issuance of such extraordinary relief is not, however, appropriate at this time.

Accordingly;

**IT IS RECOMMENDED** that the motions for injunctive relief and a transfer to another facility (Docs. 11 and 12) be **DENIED**.

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 5th day of February, 2014.

Mark L. Hornsby
U.S. Magistrate Judge