UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHARLES ALVIN CUMMINGS, JR.     CIVIL ACTION NO. 12-cv-2692

VERSUS     JUDGE HICKS

FRANCIS WESS     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Charles Cummings, Jr. ("Plaintiff") is a self-represented prisoner who was formerly housed at the David Wade Correctional Center. He filed this civil action against correctional officer Francis Wess and members of the medical staff at the prison. He later dismissed his claims against the medical staff. Officer Wess has filed an original and amended motion for summary judgment (Docs. 61 and 74), and Plaintiff has filed his own motion for summary judgment (Doc. 66) as well as opposition to the defense motions. For the reasons that follow, Plaintiff's motion should be denied, and Wess's motions should be granted in part and denied in part.

**Failure to Protect**

    **A. Eighth Amendment Standard**

Plaintiff's principal claim is that Wess failed to protect him from an attack by a fellow inmate. He alleges that he was outside his cell returning from a shower when Wess opened the door of the cell for inmate Jimmy Warner, who then attacked Plaintiff and beat him

severely. Plaintiff alleges in some places that Wess intentionally allowed Warner out of his cell, on the direction of other prison officials who disliked Plaintiff.

Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners. Farmer v. Brennan, 114 S.Ct. 1970 (1994); Horton v. Cockrell, 70 F.3d 397, 400-01 (5th Cir.1995). However, not every injury "by one prisoner at the hands of another ... translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 114 S.Ct. at 1977. To establish a failure-to-protect claim, the plaintiff must show that he was detained "under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." Neals v. Norwood, 59 F.3d 530, 533 (5th Cir.1995). "In order to act with deliberate indifference, the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and they must also draw the inference. Id., citing Farmer.

### B. Wess's Evidence

Wess's original motion was not accompanied by any evidence other than a certified copy of the file for Plaintiff's grievance that he filed regarding this incident. That file includes unsworn written statements by Wess and other officers with knowledge of the incident, but such unsworn statements are not competent summary judgment evidence of what happened. Okoye v. University of Texas Houston Health–Science Center, 245 F.3d 507, 515 (5th Cir. 2001). Wess's amended motion includes his affidavit, which is competent summary judgment evidence.

Wess testifies that he was "running showers" on N3D tier on June 19, 2012 when he opened the door to cell number 16 for Plaintiff to exit and go to the shower. After Plaintiff completed his shower, Wess attempted to open cell 16 so Plaintiff could reenter "and in doing so the pin on the next cell (N3D #15) simultaneously popped up, which housed offender Jimmy Warner." Wess testifies that a physical altercation ensued between the two prisoners, "and I immediately activated my beeper for assistance." "After receiving a direct verbal command to stop fighting and step back, offender Jimmy Warner complied."

Wess testifies that both prisoners were then placed in restraints, escorted to the lobby, and evaluated by medical personnel. Wess states that he had no knowledge of any animosity between the two men, and there was no history of violence between them. They were not identified on any enemy lists, and known enemies are not housed in close proximity to one another. Wess states that Plaintiff's allegations that other prison officials authorized him to open both cell doors to allow a physical altercation is "wholly contrived" because no person made such a demand or request.

Correctional officer Mark Hunter and Colonel Lonnie Nail also offer affidavits. They emphatically deny that either of them authorized Wess to orchestrate or in any way initiate the physical altercation between the two prisoners. The grievance reports, although not competent evidence for purposes of this claim, indicate that prisoner Warner immediately stopped attacking Plaintiff when ordered to do so. Warner and Plaintiff told officers that they had been "bar fighting," and Warner said he simply took advantage of the opportunity to attack Plaintiff when the cell door opened. Plaintiff complained of serious injuries from the

fight, but the administrative record indicates that a medical exam after the incident found no significant physical injuries.

### C. Plaintiff's Evidence

Plaintiff's motion for summary judgment (Doc. 66) begins with a declaration pursuant to 28 U.S.C. § 1746, which may present competent summary judgment evidence with respect to the facts, but not conclusions, stated in it. But the declaration is not signed or dated, so it is irrelevant. The motion is also accompanied by a copy of Plaintiff's complaint, which Plaintiff did sign under penalty of perjury in accordance with Section 1746. Plaintiff asserts in that verified complaint that he was housed on a tier that is a maximum custody unit for disciplinary detention extended lockdown inmates who are known to be a threat. Plaintiff contends that policy does not allow such inmates out of their cell except in restraints, but he was allowed to go to the shower and return without restraints. He contends that Wess opened his and Warner's cell at the same time despite knowledge that both men were dangerous to themselves and others, without either man being in restraints or having the presence of security escorts.

Plaintiff claims that he was "beaten for several minutes" and received multiple fist blows to the face, and he was "punched and kicked repeatedly" after falling to the floor. He contends that he tried to protect himself by balling up but was beaten unconscious, and he regained consciousness only when his head was slammed into a barrel fan in the hall. He asserts that the attack ended only when three other officers arrived and threatened to use chemical agents on Warner if he did not stop. Plaintiff states that he suffered a broken tooth,

swollen jaw, swelling to the eye, busted lip, severe nose pain, and pain in his hip and lower back.

Plaintiff also filed a separate declaration (Doc. 69) in opposition to the defense motion. It includes a "statement of factual issues" that is made pursuant to Section 1746 and includes the assertion that Wess "specifically authorized for Jimmy Warner to attack Plaintiff for retaliatory reasons."

Plaintiff has also submitted a rather unusual affidavit that is notarized by correctional officer Mark Hunter. The affidavit also purports to be executed by Hunter and includes a purported admission by Hunter that he, Colonel Nail, and Warden Goodwin deliberately retaliated against Plaintiff by placing him on extended lockdown for threatening officers at another facility with a needle/shank. This retaliation is said to include ordering Wess to have Plaintiff attacked by another inmate in agreement to cover for Wess if Plaintiff filed a grievance. Hunter responded to this document in his affidavit and stated that he did notarize the signature of Plaintiff at the bottom of the document, but he was in no way concurring or agreeing to the matters stated in the affidavit.

### D. Analysis

Most of Plaintiff's assertions suggest negligence, at best, by Wess when he accidentally opened two cell doors at the same time. Claims of negligence do not state a claim under 42 U.S.C. § 1983. See Davidson v. Cannon, 106 S.Ct. 668 (1986) (due process clause not triggered by lack of due care by prison officials that led to inmate attack). But Plaintiff has offered some slight summary judgment evidence that Wess intentionally opened

the doors to allow the attack and then allowed the attack to continue for some time before taking efforts to stop it. Such facts, if credited by a jury, could establish a claim under Farmer v. Brennan. The facts are obviously in dispute on this point, but all conflicts must be resolved in Plaintiff's favor for summary judgment purposes. The motions by both parties should be denied with respect to the failure to protect claim. The disputed facts will have to be resolved by a jury.

**Official Capacity Claims**

Defendants include in their motion a boilerplate section that contends Plaintiff does not state whether he is suing Wess in his individual or official capacity. Wess sites cases for the proposition that he is entitled to Eleventh Amendment immunity from claims against him in his official capacity. The original complaint, however, alleges that "Plaintiff is suing M/Sgt. Francis Wess under § 1983 civil action in his individual capacity for compensatory and punitive damages" for violation of the Eighth Amendment. The nature of the claims also makes it quite clear that there are no official capacity claims at issue in this suit. This issue need not be addressed, and the argument should not be included in motions for summary judgment unless there is an actual official capacity claim asserted or there is a plausible basis for one in the pleadings.

**Retaliation Claim**

Plaintiff filed an amended complaint (Doc. 15) in which he repeated many of his original allegations and added a claim that Wess allowed inmate Warner out of his cell to attack Plaintiff as part of a retaliation plot by Warden Goodwin, Colonel Nail, and Officer

Mark Hunter. Plaintiff references the affidavit purportedly signed by Hunter and states that Hunter, after telling Plaintiff the reason for the attack, "agreed to sign an Affidavit written by Plaintiff stating the true facts of why he was beaten and ect (sic)."

Wess argues in his amended motion for summary judgment that the claim of retaliation is barred because Plaintiff did not file a grievance or otherwise exhaust his administrative remedies on such a claim before seeking judicial relief. Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The statute requires proper exhaustion in accordance with prison or jail procedures. Woodford v. Ngo, 126 S.Ct. 2378 (2006). The statute's reference to actions "with respect to prison conditions" is interpreted broadly and includes those actions that allege the use of excessive force. Porter v. Nussle, 122 S.Ct. 983 (2002).

The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. Jones. v. Bock, 127 S.Ct. 910 (2007). Most defendants attempt to shoulder that burden by submitting an affidavit or other evidence that affirmatively describes the administrative remedy system that was available to the prisoner and states that the prisoner did not file a grievance with respect to a particular issue. Wess did not do that in this case, but his motion makes the assertion that the first time any retaliation claim was mentioned by Plaintiff was in his amended complaint filed in this suit.

The court is aware from prior cases that David Wade has a two-step grievance procedure available to prisoners, and it will take judicial notice of that procedure in this case. See Louisiana Administrative Code, Title 22, Part I, § 325. The only administrative grievance referenced elsewhere in the record is attached to the original motion, and it does not contain a claim of retaliation such as that asserted in the amended complaint. Plaintiff did ask that he not be retaliated against by officers whose names were mentioned in his grievance, but that is not the same as the claim that the attack was based on retaliation. Plaintiff did not file a response to the amended motion or otherwise submit any evidence that he properly exhausted the retaliation claim he attempts to assert in his amended complaint. Accordingly, Wess is entitled to summary judgment dismissing the retaliation claim.

**Conclusion**

The only remaining claim, if the district judge accepts this recommendation, will be Plaintiff's assertion that Wess released the attacking inmate intentionally rather than inadvertently or through negligence. Plaintiff will likely face a difficult time persuading a jury to credit his version of the facts, but he has submitted just enough summary judgment evidence to get that opportunity. An order will issue in due course that directs the parties to file pretrial statements, which will consist of witness and exhibit lists. If Plaintiff's assertions do not prove to be credible, the court may consider assessing the court costs associated with this action against him, and those costs are collectible through monthly withdrawals from his inmate trust account (in addition to any deductions made to pay filing fees he might owe). Johnson v. McNeil, 217 F.3d 298 (5th Cir. 2000).

Accordingly,

IT IS RECOMMENDED that Wess's Motion for Summary Judgment and Amended Motion for Summary Judgment (Docs. 61 and 74) be granted in part by dismissing Plaintiff's retaliation claim and denied in all other respects.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion for Summary Judgment (Doc. 66) be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of June, 2015.

Mark L. Hornsby
U.S. Magistrate Judge